

FORM TO BE USED BY A PRISONER FILING A
42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### I. CAPTION

ERIC DICKERSON L.
(Enter the full name of the plaintiff or
plaintiffs)

v.

SCI GRATERFORD,
DEPENDANT'S OF THE COMMONWEALT
MERCY SUBERTION HOSPITAL,
PRISON HEALTH CARE SERVICES,
BUREAU OF HEALTH M CARE SERVICES, Et.Al.
(Enter the full name of the defendant or
defendants)

**10    7177**

RECEIVED
DEC - 8
U.S. C.A. 3rd

### II. PARTIES

**a. Plaintiff**

Full name:  ERIC DICKERSON L.

Prison identification number:  GY-6064

Place of present confinement:  SCI GRATERFORD

Address:  P.O. BOX 244,GRATERFORD Pa.19426-0244

Place of confinement at time of incidents or conditions alleged in
complaint, including address:  SCI,ALBION,10746,Route 18 Albion Pa.
16475-0002.Now also at SCI Graterford P.O.Box Graterford 19426-0244

Additional plaintiffs: Provide the same information for any additional
plaintiffs on the reverse of this page or on a separate sheet of paper.

**b. Defendants: (list only those defendants named in the caption of the
complaint, section I)**

1. Full name including title:  SCI GRATERFORD,DEFENDANT'S OF THE COMMONWEALTH
   Place of employment and section or unit:  P.O. BOX 244 Graterford Pa,19426-024

2. Full name including title:  Mercy Subertion Hospital, Christor J. BRUCE
   Place of employment and section or unit: 2706 DEKalb Pike # 309 Nurristown, PA, 19401

3. Full name including title:  Prison Health Care Services; INSURANCE Provider
   103 WEST Park Drive #200 Brentwood TN. 37027, ALSO;
   Place of employment and section or unit:  P.O. Box 595 ; Camphill, PA. 17001-0598

4. Full name including title:  Bureau of Health Care Services
   Place of employment and section or unit:  P.O. BOX 598 ; Camp Hill, PA. 17001-0598

Additional defendants: Provide the same information for any additional
defendants on the reverse of this page or on a separate sheet of paper.

Page 1

### III. PREVIOUS LAWSUITS

**Instructions:**

If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested be. w. If you have not filed other lawsuits, proceed to Section IV, Admini ative Remedies, on this page.

If you have filed other lawsuits, provide the following informa..on.

Parties to your previous lawsuit:

Plaintiffs ERIC DICKERSON

Defendants Defendant's of Commonwealth,Prison health services.

Issues: Deliberate Indifference,Violation of Right's 1st,8th
14th Adminment's.

Court: if federal, which district? WESTERN DISTRICT

if state, which county?   ERIE COUNTY

Docket number: Civ.06-0289         Date filed: _____

Name of presiding judge: (Chief Magistrate,SUSAN PARDISE BAXTER)

Disposition: (check correct answer(s)); Date: JULY 22,2009

Dismissed ___   Reason? _____

Judgment ___   In whose favor? _____

Pending ___   Current status? _____

Other X Explain Settled out in Settlement Hearing

Appeal filed? x  Current status? case closed

Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.

### IV. ADMINISTRATIVE REMEDIES

**Instructions:**

Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.

The Plaintiff has submitted request,sick call,and Grievances only to have 11 out of a grate amount of his Grievances ignored,and have no response.                    **Page 2**

a. **Describe** *the administrative procedures available to resolve the issues raised in this complaint:*

  **Type** of *procedure. (grievance, disciplinary review, etc.)*
  Grievance's submitted to medical Department and to those in authority.Most of the Grievances rejected or called frivulious.

  **Authority** for *procedure. (DC-ADM, inmate handbook, etc.)*
  Three stage's to procedure,according to inmate hand book Chronic care patient's are to be seen every 30m- days,not done.

  **Formal** or *informal procedure.* see so called Formal

  **Who** conducts *the initial review?* Ms.Wendy Shelory for the Institute, and Dorina Varner for Centerial Office.(PHS)(BHCS).

  **What** additional *review and appeals are available?* Motion for Reconside- ration to the Chief Magistrate Judge(Susan Pardise Baxter). Also each of the Defendant's have received copy's of the mation for Reconsideration.

b. **Describe** *the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:*

  **On** what *date did you request initial review?* July 26,2010,after varios date's requesting a review.
  **What** action *did you ask prison authorities to take?* None ,that would help the Plaintiff,out side what the written Settlement ,even though the Plaintiff's health is deterating.

  **What** response *did you receive to your request?* The Plaintiff received a rejection or was told his aurgment was frivilous.

  **What** further *review did you seek and on what dates did you file the requests?* The Plaintiff was forced to enter Motion for Reconsi- deration,In which the Plaintiff was told by the Chief Magistrate (Susan Pardise Baxter)that  he should presue this further in th 3 rd circet Court in the Eastern District.
  **What** responses *did you receive to your requests for further review?*
  The Plaintiff at every turn has come up against a wall,That is why The Plaintiff now has to submit this inthe Court in order to receive the help that he has plead'ed dor so long.

c. *If* you *did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why.*
  The Plaintiff has followed every stpe of administrative proc- edures available,and still he has benn told that he has not submitted every part of the 3 step procedure,as a way to stop the Plaintiff from receiving fineial Appeal decision.

*Page 3*

## V. STATEMENT OF CLAIM

**Instructions:**

*State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.*

**Statement of claim:**

In the last year whiel being ni the care of SCI Graterford, Prison Health Care Services, Bureau of Health Care Services, and being sent to Mercy Subertian Hospital, Each Defendant that's involved in this claim which is atached as time line and list of Defendant's last . All is explained in dockertment's atched.

---

## VI. RELIEF

**Instruction:** *Briefly state exactly what you want the Court to do for you.*

**Relief sought:**

1. Enter Judgement in favor for the Plaintiff for Momial, Compeasatory aND Punitive Damages, as allowed by law against each Defendant Jointly and severally, for Crule an unuseial Punishment, Deliberate Indifferencce, amd Mential Anquish, also failure of Due Process, which the Plaintiff is Intitled to by Law.

2. Restore the Plaintiff to previous pain treatment, which helped th Plaintiff to get the rest which the Plaintiff lacks now, also no retalition by the Institure, Also for the court to to trail this.

I (we) declare under penalty of perjury that the foregoing is true and correct.

| 12/ 5 /10 | Eric Dickerson L. |
|-----------|-------------------|
| DATE | SIGNATURE OF PLAINTIFF(S) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ERIC DICKERSON
            Plaintiff


        vs.

SCI GRATERFORD,
THE DEFENDANT'S OF THE COMMONWEALTH,
MERCY SUBERTION HOSPITAL,
PRISON HEALTH CARE SERVICES,
BUREAU OF HEALTH CARE SERVICES,
            DEFENDANT"S Et.Al.


## I. JURISDICTION

Jurisdiction is proper,also conferred by 28 U.S.C. §1331(ie. case concerning Federal Question's),and by 28 U.S.C. §1343(which author- izes Federal Courts to here actions brought under 42 U.S.C.§1983[here- after 1983].

Jurisdiction is further conferred by 28 U.S.C.§1332,the diversity statute. Pursuant to the class action fairness act of 2005[hereafter the fairness act],diversity Jurisdiction for class action has been expanded, Under this fairness act diversity jurisdiction is satisfied if any member of the class,named or not named has diverse citizenship from anyone Defendant.

## II. VENUE

The District court is Appropreate venue under 28 U.S.C. 1391, Because a substantial part of the events or omisson given has rise to the claim's occurred in this District.

At all times relevant to the events described here in all of the Defendant's have Act'ed under the color of State Law,The Defendant's continue to act in their Official compacities and under the Color of State Law.

## EXHAUTION

The Plaintiff has submitted a varity of Request slips,Sick call slips,and Grievances,and has had out side parties to show their int- rest on behalf of the Plaintiff,to the Medical Admnistration and to the Addministration of SCI.GRATERFORD.

The Plaintiff has exhauted all Addministrative executive function's.
            see Attachment;,fact's and time line of claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC DICKERSON

    VS.

SCI GRATERFORD,
MERCY SUBERTIAN HOSPITAL,
PRISON HEALTH CARE SERVICES,
BUREAU OF HEALTH ACRE SERVICES"
                DEFENDANT'S Et,Al.

### DEFENDANTS INVOLVED

**RICHARD STEFANIC MD**- Previous Medical Director of SCI Graterford
first saw the Plaintiff after his Transfered from SCI Albion to
SCI Graterford.The Defendant has stated that the Plaintiff need's
surgery,but stop'ed the surgery that was schuled to take place on
10/1/09,this Defendant also took the Plaintiff off -the Pain tr-
eatment until the Attorney Generical Called the Defendant an dem-
and'ed that the Plaintiff's Pain Treatment be restored.

**BRUCE BLATT MD.**- This Defendant is now the Medical Director for
SCI Graterford,he has decied that the Plaintiff's complex of Me-
dical problem's should not be treated.Even though the Plaintiff
suffer's from serious wide spread Chronic Pain,the Defendant has
placed the Plaintiff on anti-physotic's(Elivel)for painan has
told the Plaintiff that he would have to live in Pain.Due to the
the fact the Plaintiff has a Distened Abdmon,which cause's pro-
lem's which are back pain,and a herina in the Plaintiff's groin
which according to the Defendant is not considered as a Treat.

**JOE KORSZNIAK CHCA-MEDICAL ADMINSTRATOR**-This Defendant has ign-
ored the Plea's of the Plaintiff and has'nt answered any of the
Griewance's that has been submitted directly to the Defendant.
As according to the D.O.C.hand book(DC-ADM801-802) The Plaintiff has
the right to submitt Grievance's to any Department Head.,As well
as to The Prison Litigation Reform Act,and dose not remain Par-
ticual when it come's to the matter of the safety of the Plainti&
ff,or the life of any person who has thee right to Commonunity
Standard Health Care.
**MS. BARBER MARSH** -The Defendant has refused to Process the Grie-
vance's which the Plaintiff has submitted into the Defendant(JOE-

KORSZNIAK)the Medical Adminstrator,an has rejected Grievance's
as Frivlious.

**JOHN ZORA MD.**-The Defendant has'nt examied the Plaintiff but also
decied tom Remove the Plaintiff from a Medican which the Cardio-
ogist from(Hamot Hospital)[Erie Pa.]who deals with serious sports
injury's.The Cardiologist for[Mercy Subertian Hospital]has rec-
onmened that the Plaintiff remain on the Medication(Digioxen)for
the Congestive Heart Failure which the Plaintiff was put on so
that the Plaintiff would'nt experance a Failure again,which the
Plaintiff is starting to go through once again.

**FELIPIE ARIES(REGENIAL MEDICAL DIRECTOR(**-The Defendants name
is on the order to stop the Plaintiff's Pain Treatment,The De-
fendant has never seen or examined the Plaintiff to make a Judge-
ment call to ermove the Plaintiff's Pain Treatment,that has helpe
ed some so the Plaintiff could deal with the Complex Problem's th
that the Plaintiff deal's with every day all day.

**CHISTORBERY J. BRUCE MD.**-The Plaintiff was sent to the Defend-
ant at[MERCY SUBERTAIN HOSPITAL)this Defendant is not a Speacil-
ist he's a Generial Surgeon.The Defendant stated to the Plaintiff
dose'nt have a true Herina,but also Stated that the PLAINTIFF"S
Abdomial Viscera is not in the Abdomial Cavitiy.The Plaintiff
was seen on 9/1/09,and then again on 5/25/10,in both of the vist'
s the Defendant used the same CT scan that brought the Defendants
of[SCI ALBION)to the settlement table,because they showed that th
the Plaintiff suffered from three different herina's.

**DOMINIC J. BONTEMP JR.[DO,F.A.C.O.S]and MICHAEL L. SCHORR DO**
**These Defendant's have never seen the plaintiff but has by their**
**name's being on the Plaintiff's examination Recommendation report**
**have falesly submitted their name's intitleing the to named as**
**Defendants.**
**PRISON HEALTH CARE SERVICES**-Due to the serious nature of the De-
fendants being the Insurance for the[D.O.C.]have intervined,by
nee allowing or makeing sure the Plaintiff receive the proper
health care.It is known that the Defendants will not help until The
Plaintiff's life is on the line,as the same go's for the other Defendant's.
**BUREAU OF HEALTH CARE SERVICES**-these Defendant's have choose to ignore the
plea's of the Plaintiff,the Plaintiff has submitted Appeal's to the Centerial
office as well as the Defendants.The Defendant's dont see that what the Pla-
intiff experance every day as a problem that need's to be addressed Due tothe f
fact none of the Plaintiff's Grievance's are answered for fineial Appeal.

MS.WENDY SHAYLOR;-GRIEVANCE  COORDINATOR-the Defendant has violated the Pla-
intiff's lrst Amendment by not processing the Grievance's that the Plaintiff
had sent directly to the[Medical Admenstrator]when the Plaintiff asked for
the Defendant to give the grievance's a number so they could be filed to

DORINA VARNER-GRIEVANCE ,CHIEF OFFICER FOR CENTERIAL OFFICE

The Defendant has recieved the Plaintiff's Grievance's but for some reason
the Plaintiff alway's receives AS. a response that he didnt submitt all parts
of the Grievance's.At frist the Plaintiff had to send the Original responses
due to the fact the Plaintiff did'nt have a copy card,but all part's were
sent to the Defendant,who is violating the Plaintiff's lrst Amendment.


The Defendants in the color of state law have in full compassity have de-
nied to treat the Plaintiff,The Defendants have failed to be the[GATE-KEEPERS]
of the Medical Profession. The Defendants of the Commonwealth failed in the
past which already has been established due to the Settlement Agreement that
the Commonwealth brought the Plaintiff to the Settlement Table. Now the
Plaintiff is made to suffer once again because of the Deliberate INdifferance
toward the Plaintif.Each have ignored the Plea's of the plaintiff knowing  the
Complex and seriousness of the Plaintiff's Health.

It's no longer a question if thethe Department of Correction's
can or will or have given the Plaintiff any Health Care,the Tim-
e and other fact's showen and provied show's the Deliberate Ind-
ifferance toward the Plaintiff.
The Plaintiff has submitted the Medical Report from[HAMOT HOSPI_
TAL](Erie Pa.)to show that the Plaintiff's Health is in jepor-
ied.

## LIST OF WITNESS's

1.) (Mr.Yodist)The Plaintiff's Unit Manger,He has done all thaT
HE CAN TO ACOMDATE THE PLAINTIFF,DUE TO THE FACT THE DEFENDANT's
HAVE FAILED TO TREAT THE PLAINTIFF WITH COMMONUNITY STANDARD
HEALTH CARE.

2.) (CO.STANELY)-ESCORTED THE _PLAINTIFF OUT TO THE DEFENDANT(CH
RISTOR J.BRUCE)'S OFFICE AT MERCY SUBERTAIN HOSPITAL ON 9/1/09.

3.) (CO.BLUE)ESCORTED THE PLAINTIFF OUT TO THE DEFENDANT(CHRISTOR
J.BRUCE)'S OFFICE ON 5/28/10.

4.) PAC. PUCKLAVIEG- INFORMED TH E PLAINTIFF THAT THE DEFENDANT(
BRUCE BLATT) GAVE STANDING ORDER'S THAT THE PLAINTIFF IS NOT
TO RECEIVE NO KIND OF PAIN TREATMENT.

5.) MD. MARGREIT McDONALD_Infromed the plaintiff that he have to
wait until he's RELEASED INORDER TO RECEIVE PROPER TREATMENT,THE Pla-
intiff Suffers from A DESTEND'ED ABDOMEN AND PAIN WHICH THE PLAINTIFF
EXPERANCE'S ON A DAILY BASIS,DUE TO THE fact, THE INSTITUTE WILL NOT
ALLOW FOR THE PLAINTIFF  TO RECEIVE PROPER TREATMENT

EACH WITNESS MUST BE TREATED AS  A HOSTIAL WITNESS INORDER TO
PROTECT THEIR JOB's,ALSO EACH MUST BE SUBPENOA'ED.

## FACT'S OF THE CLAIM

1. On July 23,2009 Thew Plaintiff was taansfered to SCI.Graterford from SCI.ALBION,for Medical Care and Treatment.Due to the fact the Institution Settled with the Plaintiff,as to pre.CT Scanss howed that the Plaintiff Suffer's from severial Herina'swith-in his Abdomen.

2. On July 24,2009 The Defendant(MD.Richard Stefonic)Dc'ed The Plaintiff's Pain Treatment,The Plaintiff had to call his Attorney(Mary Beth Walsh)to have her contact the Attorney Genéráál(Marhia Passerilli)to have the Plaintiff's pain treatment restored.

$.From 7/25/to 8/30/09 The Plaintiff has submitted various sick call slips,complaining about the Pain sinceDefendant(MD.RICHARD STEFONIC)only replaced one of the Plaintiff's pain treatment med's.

4.From 8/30, to 9/11/09 The Plaintiff awaited to be seen by Speacilist which took place on 9/1/09.The Plaintiff was seen by Generial Surgeon(MD.Christory J.Bruce),also by only the Cardiologist Speacilist (DO.LEE)on 9/1/09 the Plaintiff was told that Abdomenial Reconstriction would'nt be a problem,this is what the Defendant(MD.Bruce) stated,at no time did the Defendant tell the Plaintiff that the surgery could'nt be don.

5.From 9/3,to 10/1/09 the Plaintiff kept placeing sick call slips in complaining about an incress of pain,On 10/1/09(PA.Marlene Coacgi)informed the Plaintiff to stop taken certen med's. for surgery.

6.From 10/1,to 11/3/09 The Plaintiff is seen on doctor's Line by Defendant(RICHARD STEFONIC)who informed the Plaintiff that surgery would'nt be done,Due to the fact the Defendant(MD.CHRISTORY J.BRUCE) state's that the Plaintiff dose'nt have a true Herina.

7.From 11/13,to 12/13/09 The Plaintiff has submitted sick call slips only to be seen by various Doctor's and Defendant's on sick call, who dont take the time to check the Plaintiff's vaaila.Each of them will only listen to the Plaintiff and renew any med's..

8.12/13/09(MD.Margarita McDonald)see's the Plaintiff on PA.line for for problem with breathing(MD.McDonald)add's a steriod inhaler(Qviar)to the Plaintiffs Asthma med's.,alos (MD.McDonald)see's the Plaintiff for Hyperrison and note's that the Plaintiff's pain is Due to the Plaintiff suffering from hihatel Hernia.

8aAlso the Plaintiff has sick call with Defendant(JOHN ZORA DO.) this Defendant Dc'ed the Plaintiff's(Digioxon),despite what the cardiologist recommended that the Plaintiff should remain on the(Digioxon).Due to the fact the Plaintiff experanced(Congestive Heart Deasee)when the Plaintiff almost died from when he was injured.

9.)From 11/13/09 up to 1/21/10,The Plaintiff submitted sick call
slip's into the Medical Department only to be told that his concern's
will be addressed on Doctor's Line.1/21/10 the Plaintiff was seen
by the Defendant(MD.Richard Stefanoic)for the incress of pain,the
Plaintiff's pain Treatment ajusted,also the Plaintiff request a sec-
ond oppion by another surgeon.Also the Plaintiff has to submitt a
sick call slip in at the beging of every month inorder for his pain
Treatment to be ordered for an additsional 30 day's.

11.)2/18/10 Defendant(MD.Stefanoic)cancelled appointment which only
leaves the sick call,the Plaintiff is placed on MayTab for gass as
to the fact it has caused problem's with cellie's,and has placed
the Plaintiff in dangerious sitution's.

12.)3/9/10 The Plaintiff was approched by an inmate that's cell'ed
with The Plaintiff,The inmate(Mr.Jackson)told the Plaintiff that he
he could'nt take it any more an that the Plaintiff was gone to have to
move because of his GI. Problem which cause's the Plaintiff to pass
gas,also because of the Plaintiff's devated sectem which causes the
Plaintiff to snore,due to the fact the Plaintiff can only sleep on
his back.(Mr.Jackson)was moved into the cell with the Plaintiff he
was moved from the(SMU)to the cell of the Plaintiff,Due to(MR.Jackson's),
inability or instability the Plaintiff who is in no physcal condi-
ction was placed in a dangerious sitution that could have end'ed in
the Plaintiff being put in the hospital,if the block sgt.didn't
investagate why there was yelling comming from the Plaintiff's cell.
Which was inmateJackson),the Plaintiff did'nt bring a claim against
(Mr.Jackson)Unit Manger Yodist asured the Plaintiff that(Mr.Jackson)
would'nt return.

13.)From 3/9/10 to 4/7/10The Plaintiff has been seen by Defendant's
and PA's on sick call for only the reason's that's stated on sick
call slip's,When trying to informing about any other problem.The
Plaintiff is told to place in another sick call slip.On 4/7/10 De-
fendant(John Zora DO.)tell's the Plaintiff that he was discontinueing
the Plaintiff's pain Treatment.

14.)4/15/10 Defendant(Felipe a.arias)The Regional Director who has
never examined the Plaintiff made the decison to stop the Plaintiff's
pain treatment.

15.)4/20/10 Defendant(DO.Zora)place's the Plaintiff on(Methocar-
bamo 750mg)&Indocin)for pain Treatment(John Zora),the Methocarbamo is
a muscle relaxer and the Indocin is used to treat patient's with gout
and is not to be used no longer than 7 day's for any other pain.the
Plaintiff also has been put on an antiphyscotic(Elviel)for pain trea-
tment,also the Defendant has dc'ed the Plaintiff's seizure med(Kolipine).

16.)5/13/10 Finely the Plaintiff is seen on Doctor Line by the Def-
endant(Bruce Blatt)who state's he dose'nt care hqw much the Plain-
tiff is in,The Plaintiff will have to learn to live with or in pain.
Because the Defendant will not place the Plaintiff back on previous
pain Treatment.

17.)5/18/10 The Plaintiff receive's a DC-141 Misconduct for refus-
sing to work,disobeying a derect order,and being in unauthorized
area,this was because the Medical Department did'nt enter the Plai-
ntiff's restriction's in to the Instītution's computer.Due to the
fact that the Plaintiff can not work,The kitchen supervisor(Mr.Cotton)

released the Plaintiff from work on 3/14/10.

18.)5/25/10 The Plaintiff is sent back out to the Defendant)Chris-
or J.Bruce)who stated that he had the Plaintiff schuled for surgery ᵗˢᵃᵗᵗ
last year,the Plaintiff after reviewing his Medical file's now see's
the deciet of the Defendant(Md.Bruce).The Defendant has submitted
his fineial recoMmendation that extensive surgery must be done,this
by it's self make's the Plaintiff wounder if the Defendant is able
to perform such a surgery.Also he state's that the Plaintiff's Ab-
domenial visera is not in the Abdomenial Cavity,but he still state's
there's no true hernia and  he reconmend's no surgery.

19.)6/23/10 Defendant(MD.Stefinoc)return's,The Plaintiff is seen
by Defendant(Stefinoc)he lost his postiion as Medical Director.Def-
endant(MD.Blatt)is the new Medical Director and is the only person who
can restore the Plaintiff's pain Treatment which did help the Pla-
intiff to bear with the Pain that he experance's every day,What the
Plaintiff receive's now dose nothing but make's the Plaintiff gain
weight.

20.)7/5/10 The Plaintiff never received a pass for Doctor's Line
two day's latter Defendant(MD.Blatt) saw the Plaintiff on Doctor's
Line,this appointment showed the Plaintiff that the Defendant dose-
nt go by the code of ethic's that as a doctor must be practiced,
The Defendant(MD.Blatt)had an-female Officer in the examineroom wh-
ile the Defendant had the Plaintiff show the bulge inwhich is in the
upper left groin.Not only did he voilate the Plaintiff's righh's
the Defendant vvoilated the oath that he took when becomeing a Do-
ctor,as well as the Plaintiff Amendmentright's.This was an inten-
ialy done by the Defendant,He also placed Officer in a spot to used
as a wittness in favior for the Plaintiff.

21.)7/13/10 the Plaintiff seen at sick call by(PAC.PCCKLAVIGE)who
told the Plaintiff that the Defendant(MD.Blatt)had standing orders

22.)7/26/10 The Plaintiff has had to place a Motion for Recon-
sideration into the(Chief Magaistrate Judge[Susan Pardise Baxter]
for the Western District),so that the Plaintiff could receive his
Transcript's from the Settlement Hearing.The out come was that
the Reconsideration was Granted,but all other Motion's were denie d,
Due to the fact of the written contract which could be seen in
favor for the Plaintiff to receive Surgery,or it could be seen to
be in terputed any way the Defendant's would like to interpute th e
Contract .The Quasi Contract has not been filfulled that the Pla-
intiff would be treated by Temple Hospital.Exhubit attached as,

23.07 26/10 to 8/17/10 The Plaintiff is schuled for PA.Line with
(PA.Wahmack),so the Plaintiff could get his Toe Nail's Cliped.
ever time the Plaintiff is schuled for PA.Line it's for the same
reason,If the Plaintiff ask or try to tell of the pain that he is
in ,he's told to put in a sick call slip.Also the plaintiff has
been waiting for an Abdominial Binder that was order'ed back in
april 2010,which the Plaintiff has not received and is made to
keep weaing the Binder which he has had for almost a year which
is of no surport what so ever.

24.)8/30/10 to 9/17/10 Again up to this date the Plaintiff has on
ly been seen by sick call,which some of the Defendant's and(PAS)
who can be witness's for the PlaintiffThe Plaintiff ask the court
to Suboepa,exhubit Atachedlist .Also the Plaintiff is a(Chronic
Care Patient)According to the D.O.C.,A.M.D.rules the Plaintiff
is not to be charged for any Medical Co-payThe Plaintiff has been
charged for Medical Co-pay,Exhubit Atached,also when the Plaintif f
hasnever had his vital's checked at sick call or at Doctor'sLine.
25.)9/17/10 The Plaintiff after entering the Motion for Reconsid-
eration,Motion to Compeal,and the Motion for Transcript's.The De-
fendant's had the Plaintiff see a Physical Thearpestist,the appio -
ntment,was no longer than 15 min's.the Thearpestist told the Pla-
intiff how to do certen exceris's.Also he did'nt lie to the Plai-
ntiff instead the Thearpestist informed the Plaintiff thatsurgery
would be the only way to fix the Distendant Abdomen that the Pla-
intiff suffer's from,the Thearpestist also explained that while
the Plaintiff is incarated the D.O.C.would'nt do any thing to
help the Plaintiff and that the pain that the Plaintiff experan-
ce's would only incress if nothing is done,The Plaintiff has'nt
had an Appointment with the Physical Thearptist since that day/

26.)9/17/10 Up to theis date the Defendant's have choose to igno-
re the plea's of the Plaintiff,The Defendant's have Deliberately
cut the Plaintiff's Seizure & Hypertension Medication,and the so-
called pain treatment that the Defendant's have the Plaintiff on
(Eliveal)is an Anti-PHysotic used to treat Depers ion,and used fo-r
nerve Problem's.Since the Plaintiff being on this medication it
has caused the Plaintiff to gain weight which cause's the Plai-
ntiff a multitude of stress to the Plaintiff's back which has se-
verial degenerated disk with in the Lumbar spine.The Defendant's
have choose to go with the reconendation of Defendant(Christor J.
Bruce)who's recommendation is from a CT Scan that was taken in (0
(0.The Plaintiff has been told that even though he's a Chronic c-
are Patient he wont be seen until 12/4/10 which is on the week-
end,when there's no Doctor's Avab le ,This dose not seem like com-munity
Standard Healt Care.The D.O.C. Hand Book state's that Chronic
Care Patient's are to be seen every 30 day,By makeing the Plain-
tiff wait for 6 month's to be seen on Doctor's Line Constitue's
as Deliberate Indiferance.

27.)The Plaintiff has to ingest the following to help the Plaint-
iff,Due to the Complex and decreas of the Plaintiff's Health.

   1.Magnesium Oxide (Immune Deficiency)
   2.Coreg (Congestive Heart Failure)
   3.Vasotic (Congestive Heart Failure)
   4.Prilosec OTC (Heart Burn & Acid Retuix)
   5.)Lovastatin-Lipitor (Cholestoral)
   6.Lasix (Fluid Retention and Soduim Extrator)
   7.Aldactone (Fluid Retention result of Congestive Heart Failuer 0
   8.)Benadryl (Devated Septum)
   9.)Colace (Stool Softner)
   10.Gabapentin (Nerve Surpresser)
   11.Phenabactoal (Seizure Disorder)
   12.Multi Vitem (Halp to place vitem,due to Immune
   13.Elveil (Anti-Physotic) for depression
   14.Milk of Magnesia (Bowle Movement)
   15. Konsyl S/F-Metamucil (fiber)
The Plaintiff still suffer's from a Seizuer Disorder and a Com-
plex of syptom's which the Defendant's have choosen to Deliber-
atly           ignore,and violated the Plaintiff's     1rst,8th
and 14th Admindement Right's.

CAUSE"S OF ACTION

1. Defendant's Deliberate Indiffence to the Plaintiff'ssever
Physical pain to which they refuse to treat.

2. Defendant's Deliberate Indifference Knowing the Plaintiff suff-
er's from GI.Problem's and Devated setum has Placed the Plaint-
iff in sitution's to where the Plaintiff was in danger.

4 Defendant's have and are being Deliberately Indifferent to the
Plaintiff's pain and need of Immediate Medical Attention.

PRAYER FOR RELIFE

1. Declare that the act's and omissions described herein violate's
Plaintiff's right's under the Constitution and Law's of the
United States.

2. Enter preliminar and permanet Injunction's Ordering Defend-
ant's,Successor's and Agents to protect the Plaintiff,and impl-
ement and adequate system and restore the Plaintiff back to his
previous pain Treatment.

3. Enter Judgement in favor of the Plaintiff for mominal,Compes-
satory and Punitive Damages,as allowed by Law against each Def-
endant Jointly and severally,for Crule an Unuesial Punishment,
Deliberate Indifference,and mential anquish,             failuee to Due-
process ing ,which the Plaintiff is intitled to by law.

4. Oder such Additional relife as the Court see's fit,the
Plaintiff request the court to release the Plaintfff from the
care of the Department of Correction's,due to the fact that
Plaintiff has already tryed to deal with this issue in the
past.

Respecfullt Submitted
*Eric Dickerson R.*
L Eric Dickerson Gy-6064
P.O. Box 244
Graterford Pa.19426-0244

Date:

Pursant to 28 U.S.C. 1746 I Declear under penalty or perjury that
the fact's in Following are true and correct.
Eric Dickerson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC DICKERSON
            Plaintiff

    VS.

SCI GRATERFORD,
MERCY SUBERTION HOSPITAL,
PRISON HEALTH CARE SERVICES,
BUREAU OF HEALTH CARE SERVICES,
                    DEFENDANT'S Et,Al.

## LETTER OF DECLARATION

        Now comes the Plaintiff Declearing that the the Plain-
tiff claim's apply's to all Defendants.
        Any claim based upon an act,or implantation,of any employee
of the goverment exercising due care,in the execution of a
statute or regulation be vaild or based upon the exercise or per-
form a discreetonary function or duty on the part of a Federal
Agency or an employee of a Company that Representating any part
of any Government or State Facility.
    The Plaintiff submitt's this letter of Declaration to help
show just cause for the Plaintiff to bring these claim's,and
fact's before the Honorable Court.
    Wherefore the Plaintiff request for the Honorable court to
review the Plaintiff's claim's.

                            *Eric Dickerson L.*
                        RESPECTFULLY SUBMITTED
                        ERIC DICKERSON GY-6064

ERIC DICKERSON
                    PLAINTIFF

          VS

THE DEFENDANTS OF THE COMMONWEALTH
MERCY SUBERATIN HOSPITAL
PRISON HEALTH CARE SERVICES
SCI.GRATERFORD
                    THE DEFENDANTS Et.Al.

                    CERTIFICATE OF MERIT

I *Eric Dickerson*,THE PLAINTIFF THAT IS BRINGING THIS CLAIM AGAINST
SAID DEFENDANTS.DO HEREBY CERTIFY THAT I AM OF SOUND MIND,AND OF
DETERATING HEALTH SUBMITTS THIS CERTIFICATE OF MERIT TO SHOW THAT
I *Eric Dickerson* HAVE TRYED TO RESOLVE THE ISSUE OF BEING DENIED HEA-
LTH CARE BY SUBMITTING REQUEST SLIPS,SICK CALL SLIPS,AND GRIEVA-
NCES.
I *Eric Dickerson* HAVE ALSO PUT IN APEALS TO THE SUPERINTENDANT,AND TO
THE CENTERIAL OFFICE.I *Eric Dickerson* HAVE WAITED FOR MANY ANSWERS FROM
THE MEDICAL DEPARTMENT,AND FROM THE Superintendant,AS WELL AS THE
CENTERIAL FOR SEVERIAL OF THE GRIEVANCES THAT HAVE BEEN SUBMITTED
TO EACH LEVEL.ACCORDING TO THE PRSION LIGATION REFORM ACT I HAVE
FOLLOWED EVERY STEP AS SURPOSE TO BE FOLLOWED.
EVEN ALL GRIEVANCES THAT HAVEN"T BEEN ANSWERED HAVE WENT THROUGH
EACH LEVEL.

I *Eric Dickerson* ,DO HEREBY AFFRIM THAT ALL THAT HAS BEEN SUBMITTED
ABOUT EACH DEFENDANT IS TRUE,AND FURTHER COME TO UNDERSTAND THAT
ANY FALSE INFORMATION CAN AND WILL BE HELD AGAINST ME.
I FURTHER UNDERSTAND THAT I CAN BE CHARGED WITH PURGATORY AND I
CAN BE HELD ACCONTABLE FOR MY ACTIONS.

                                        RESPECTFULLY SUBMITTED
                                        ERIC DICKERSON GY-6064
                                        *Eric Dickerson*
                                        DATE: 12/5/10

## AFDAVIT IN SUPPORT

I Eric Dickers, do hereby Affirm that I have submitted all Grievance's to the third level weirth responded to or not responded to, I have tryed to settle the matter with in the Institution of SCI Graterford.

I have even went as far as to submitt am letter brief into the Western District court to the [CHIEF MAGISTRATE JUDGE, SUSAN PAR_DISE BAXTER] for a Reconsideration, Transcript's, and for the CHIEF MAGISTRATE JUDGE to compeal the Defendant's of SCI GRAT_ERFORD and the Defendants of Prison health care services, bureru of health care services, as well as the Defendants of Mercy subsortian Hospital.

I the Plaintiff did not include these Motion's due to the fact that they have case log included in these dockerment's.

Nor did I include any of the grievances because by entering tht is Afdavit of support should be adquite, since the burden of proof lie's sv on the Defendants.

At any should the Court require the Plaintiff to bring forth any of the Grievances, the Plaintiff will be more than happy to submitt such.

I Eric Dickerson, do affirm that I being rthe Plaintiff have tryed everything to resolve this claim of Deliberate Indifference only to receive canceled appointment's and denial to be seen on Doctor's Line, by the Defendants.

RESPSCTFULY SUBMITTED

*Eric Dickerson*

ERIC DICKERSON L.
GY-6064

DATE: 12/5/10

**HAMOT MEDICAL CENTER**          201 STATE STREET • ERIE, PENNSYLVANIA 16550

Beard Gregory K.
OPERATIVE REPORT

DATE OF SURGERY: 05/26/2005                    PATIENT NO: 000016646952

NAME:  Dickerson, Eric

MR NUMBER:  53-02-89

DATE OF BIRTH:  01/16/1969

PREOPERATIVE DIAGNOSIS:
1.  Abdominal compartment syndrome.
2.  Severe sepsis.

POSTOPERATIVE DIAGNOSIS:
1.  Abdominal compartment syndrome.
2.  Severe sepsis.
3.  Negative abdominal exploration and closure.

OPERATIVE PROCEDURE: Exploratory laparotomy, culture of peritoneal cavity,
and closure of Bogota bag, abdominal wall repair.

SURGEON: G. Beard, DO

ANESTHESIA:  General endotracheal.

ESTIMATED BLOOD LOSS: Minimal.

GROSS FINDINGS: Exploration of the abdominal cavity was performed after
removal of the Bogota bag.  The small and large bowel, and regions, which
could be identified, appeared grossly normal.  There was evidence of what
appeared to be some mild dilation secondary to ileus.  There was definitely
a large amount of gas within the entire colon.  There were no palpable
abnormalities.  I saw no evidence of abscess or intra-abdominal processes.
The liver appeared grossly normal.  The stomach appeared grossly normal.
The bladder contained a Foley catheter.  Cultures were obtained and sent
for analysis.  Again, the remainder of the exploratory laparotomy was
negative.  I saw no other abnormalities.

OPERATIVE TECHNIQUE:  Under general anesthesia, with endotracheal
intubation, after the patient was identified as Eric Dickerson, he was
prepped and draped in the usual, sterile fashion in supine position.

| Patient Name | Dictated By | MR NO. | Room | Dsch Date |
|---|---|---|---|---|
| DICKERSON ,ERIC | BEARD ,GREGORY K. | 530289 | MICU55103 | |

| Document Number | Date Dictated | Date Transcribed | Type of Report | |
|---|---|---|---|---|
| I    P | 052605 | 052705 | Op. Report | Page    1 |

HAMOT MEDICAL CENTER . 201 STATE STREET . ERIE, PA 16550 . 814/877-6000

001610

**HAMOT MEDICAL CENTER**     201 STATE STREET • ERIE, PENNSYLVANIA 16550

Fortna Sandra J
CONSULTATION REPORT

DATE OF CONSULT: 05/27/2005              PATIENT NO: 000016646952

NAME: Dickerson, Eric

MR NUMBER: 53-02-89

DATE OF BIRTH: 01/16/1969

REFERRING PHYSICIAN: Daniel J. Barbero, MD
CONSULTANT: Sandra J Fortna, MD

REASON FOR CONSULTATION: Persistent fevers and leukocytosis.

HISTORY OF PRESENT ILLNESS: This is a 36-year-old black male who was
incarcerated in Albion Correctional Institution, who apparently was
admitted to Millcreek Community Hospital on 5/14/05, for a few days of
upper respiratory infection symptoms as well as chest pain associated with
some shortness of breath.

His course there was significant for deterioration with SVT, leukocytosis,
and progressive increasing BUN and creatinine with decreasing urine output.
He also has periods of hypotension and increased LFTs consistent with shock
and shock liver. He was apparently treated with some Unasyn therapy.
Because of the need for hemodialysis and more invasive monitoring, he was
transferred to Hamot Medical Center on 5/17/05. He was immediately
intubated. He was given a run of dialysis. He was noted to have increased
cardiac enzymes, but cardiology felt that this was not secondary to an MI.
He had numerous electrolyte abnormalities. He was noted to have a
distended tender abdomen and temperature was 104.1. His white count was
19.1. Chest x-ray showed bilateral infiltrates consistent with ARDS. His
blood cultures did show Klebsiella and he was treated with numerous
antibiotics over the next week to week and a half. These included Zosyn,
Cipro, Flagyl, Azithromycin, Vancomycin, IV and PO.

He was monitored in the intensive care unit. A CT scan of the abdomen was
not particularly significant, but bladder pressures continued to rise
consistent with abdominal compartment syndrome. He therefore went to the
operating room on 5/18/05 for exploratory laparotomy, which required
decompression of a massively dilated transverse colon and Bogot  bag
placement. He was taken back to the operating room the following day on

| Patient Name | Dictated By | MR NO. | Room | Dsch Date |
|---|---|---|---|---|
| DICKERSON ,ERIC | FORTNA ,SANDRA | 530289 | MICUN55103 | |

| Document Number | Date Dictated | Date Transcribed | Type of Report | |
|---|---|---|---|---|
| I   P | 052705 | 052805 | Consult | Page  1 |

HAMOT MEDICAL CENTER . 201 STATE STREET . ERIE, PA 16550 . 814/877-6000    001612



**HAMOT MEDICAL CENTER**     201 STATE STREET • ERIE, PENNSYLVANIA 16550

5/19/05 for Bogot bag change and cultures were done at that time, which were negative.

At this time, the patient, I believe, was on Zosyn, possibly Cipro and Flagyl therapy.

His postop complications include Anasarca, coagulopathy, thrombocytopenia, systemic inflammatory response syndrome, continued respiratory failure with ARDS and renal failure. He did require CVVHDF postoperatively up until 5/25/05. He was also placed on TPN therapy. He continued to have occasional fevers, although he did apparently improve some and on 5/20/05, his antibiotics were narrowed to Ceftriaxone. He did have some mild leukocytosis, but after 5/20/05, this started to increase further, peaking to a value of 51.4 on 5/23/05. At this point he was re-cultured but the cultures were unrevealing, but he was changed back to Vancomycin, both IV and PO, Zosyn and Flagyl therapy.

His white count now seems to be decreasing. Yesterday, he was taken back to the operating room for abdominal wound closure, again, cultures were obtained that were unrevealing. He continues to have intermittent temperature spikes with a baseline of low-grade temperatures and still some residual leukocytosis. Infectious Disease is asked to see the patient to comment on further antibiotic therapy.

Currently the patient remains intubated on Ativan and Fentanyl therapy. He is undergoing regular hemodialysis today.

PAST MEDICAL HISTORY: Includes obesity, seizures and back pain.

ALLERGIES: He apparently has problems with Dilantin and Tegretol. I am not sure what the reactions are, but apparently he has no antibiotic allergies.

PHYSICAL EXAMINATION reveals a well developed, obese black male who is unresponsive on the Fentanyl and Ativan. He is intubated. Temperature baseline is in the 99s to 100s. He occasionally spikes to 101.8 and 102. His heart rate is 110. His blood pressure is stable. There is only a small amount of sputum suctioned from the ET tube. Urine output is marginal despite the need for dialysis. He currently has a right subclavian dialysis catheter without any erythema or discharge at the exit site. He has a triple lumen left subclavian catheter and right brachial A-line, a Foley and he also has a Penrose drain in his lower abdominal wound. Skin shows no rashes. HEENT: Normocephalic and atraumatic.

| Patient Name | Dictated By | MR NO. | Room | Dsch Date |
|---|---|---|---|---|
| DICKERSON ,ERIC | FORTNA ,SANDRA | 530289 | MICUN55103 | |

| Document Number | Date Dictated | Date Transcribed | Type of Report | |
|---|---|---|---|---|
| T    P | 052705 | 052805 | Consult | Page    2 |

HAMOT MEDICAL CENTER . 201 STATE STREET . ERIE, PA 16550 . 814/877-6000

001617

## HAMOT MEDICAL CENTER    201 STATE STREET • ERIE, PENNSYLVANIA 16550

**Note: Medications may have more than one name. Please check with your physician before taking any other prescription, over-the-counter, vitamin, or herbal remedies.**

**\*\*\* This form is provided to help you and your doctors stay informed about what medication you are currently taking. A good faith effort was made to determine your medications prior to this hospitalization, however it is strongly suggested that you verify the medicatons and doses with the original prescriber at the earliest possible date and continue under their direction.**

### DICKERSON ,ERIC L

| ALLERGIES: | TEGRETOL | TEGRETOL | PHENYTOIN | HEPARIN |
|---|---|---|---|---|

**DSC MEDS**

CARVEDILOL  (COREG)                25 MG
BY MOUTH   2 X DAILY
LAST DOSE GIVEN:
Continue to take home supply as directed

VASOTEC                            2.5 MG
BY MOUTH   2 X DAILY
LAST DOSE GIVEN:
Continue to take home supply as directed

KLONOPIN                           2 MG
BY MOUTH   2 X DAILY
LAST DOSE GIVEN:
Continue to take home supply as directed

PHENOBARBITAL                      90 MG
BY MOUTH   2 X DAILY
LAST DOSE GIVEN:
Continue to take home supply as directed

ALBUTEROL INH                      1-2 PUFFS
BY MOUTH   [         ]
LAST DOSE GIVEN:
Continue to take home supply as directed

MAG OX                             800 MG
BY MOUTH   2 X DAILY
LAST DOSE GIVEN:
Continue to take home supply as directed

FUROSEMIDE  (LASIX)                40 MG
BY MOUTH   DAILY
LAST DOSE GIVEN:
Continue to take home supply as directed

DIGOXIN  (LANOXIN)                 0.125 MG
BY MOUTH   DAILY
LAST DOSE GIVEN:
Continue to take home supply as directed
============================GROUP CONTINUED================================

*Patient and/or Pt Representative verbalizes/demonstrates understanding of instructions. Questions answered to satisfaction.*

___ *Check here if these instructions given by interpreter.* _____
                                                    Signature of Interpreter & Date

_____          _____
*Signature of Physician/Nurse & Date/Time*          *Signature of Patient/Pt Representative & Date*

| DICKERSON ,ERIC L | SEX: M   37 |
|---|---|
| BEARD GREGORY K | 01/16/1969 |
| MR#: 530289  PT#: | 260345319 |
| | 3-SO |
| | S326-01 |

**Patient Meds At Discharge**
as of 04/29/06 12:51

## Hamot Medical Center

000463

FORM NO 31-311 (REV 5/95)

**HAMOT MEDICAL CENTER**         201 STATE STREET • ERIE, PENNSYLVANIA 16550

*Note: Medications may have more than one name. Please check with your physician before taking any other prescription, over-the-counter, vitamin, or herbal remedies.*

*** This form is provided to help you and your doctors stay informed about what medication you are currently taking. A good faith effort was made to determine your medications prior to this hospitalization, however it is strongly suggested that you verify the medicatons and doses with the original prescriber at the earliest possible date and continue under their direction.*

DSC MEDS     CONT

                    LOVASTATIN (MEVACOR)              40 MG
                    BY MOUTH   DAILY
                    LAST DOSE GIVEN:
Continue to take home supply as directed

                    PRILOSEC OTC                      20 MG
                    BY MOUTH   [            ]
                    LAST DOSE GIVEN:
Continue to take home supply as directed

                    DIPHENHYDRAMINE   (BENADRYL)      50 MG
                    BY MOUTH   4X DAILY
                    LAST DOSE GIVEN:
Continue to take home supply as directed

                    SPIRONOLACTONE   (ALDACTONE)      MG
                    BY MOUTH   DAILY
                    LAST DOSE GIVEN:
Continue to take home supply as directed

                    ULTRAM                            100 MG
                    BY MOUTH   2 X DAILY
                    LAST DOSE GIVEN:
Continue to take home supply as directed

                    PERCOCET                          1-2
                    BY MOUTH   EVERY 4 HOURS AS NEEDED
                    LAST DOSE GIVEN:
Continue to take home supply as directed
== End of Home Meds:   DICKERSON ,ERIC L      ==============================

*atient and/or Pt Representative verbalizes/demonstrates understanding of instructions. Questions answered to satisfaction.*

__ *Check here if these instructions given by interpreter.* _____
                                            *Signature of Interpreter & Date*

_____          _____
*ignature of Physician/Nurse & Date/Time*     *Signature of Patient/Pt Representative & Date*

| | |
|---|---|
| DICKERSON ,ERIC L       SEX: M   37<br>BEARD GREGORY K          01/16/1969<br>4R#: 530289   PT#:   260345319<br>                         3-SO<br>                         S326-01 | **Patient Meds At Discharge**<br>as of 04/29/06 12:51<br><br>**Hamot Medical Center** |

000464

FORM #D 21 211 (REV 5/05)



**Hamot
Heart Institute**

## Exercise Stress with Perfusion Imaging

**Date of Test:** Dec 2 2005                    **MRN:** 530289

**RE:** Eric Dickerson  *[handwritten]*        **DOB:** 1/16/1969

Dear Dr. David M. Strasser :

Mr. Eric Dickerson underwent exercise stress testing with radionuclide perfusion imaging today to evaluate congestive heart failure. Coronary risk factors include former tobacco use.

Under the supervision of Dr. Paul Demjanenko, the patient was exercised according to the Bruce Protocol, for 9 minutes (stage 3) with an estimated workload of 10.4 Mets. The test was terminated because of satisfactory cardiac workload. The patient experienced symptoms of dyspnea. Mr. Dickerson did not experience chest pain with stress. The heart rate was 71 bpm at rest and reached 160 with exercise which is 87% of predicted maximum. The blood pressure at rest was 128/80 and reached 188/80 at peak exercise which is a normal response. The double product obtained was 30080.

The resting ECG demonstrated sinus rhythm and non-specific ST-T wave changes. The ECG with exercise was negative.

The patient was injected with 8.8mCi of Tc Sestamibi intravenously at rest. The heart was imaged using SPECT acquisition technique per protocol. The patient was injected with 35.6mCi of Tc Sestamibi at peak stress. The heart was then imaged by gated SPECT acquisition technique. Diaphragmatic artifact was seen which decreased the sensitivity of the test. In summary, the perfusion images were normal. There was a fixed LV cavity dilation noted. Gated wall motion analysis demonstrated global wall hypokinesis. The left ventricular ejection fraction is visually estimated to be 35%.

**Summary**
1. **Negative ECG with exercise at high workload.**
2. **No chest pain with stress.**
3. **Normal chronotropic and blood pressure response.**
4. **No Dysrrhythmia seen with stress.**
5. **Normal myocardial perfusion scan with abnormal LV wall motion.**
6. **Left ventricular ejection fraction is an estimated 35%.**
7. **Diaphragmatic artifact was seen which decreased the sensitivity of the test.**
8. **Clinical Correlation Recommended.**

Dr. Strasser, thank you for the opportunity to participate in the care of Eric Dickerson. Please advise if we can provide any further information.

Sincerely,

*[handwritten]*

(Electronically Signed)

Dr. David M. Strasser                              Dr. Paul Demjanenko

cc:    Dr. Mark D. Baker

*[handwritten] Dr. Mark Baker Medical n---*

*[handwritten] 12-2-05*

**FAX RECEIVED**
DEC 0 2 2005

PHS  000178

**HAMOT MEDICAL CENTER** ᴵᴵᴸ ᴸ⁴ 201 STATE STREET • ERIE, PENNSYLVANIA 16550

## PATIENT TRANSFER INFORMATION

| | |
|---|---|
| Patient Name: ERIC DICKERSON | Transferring Facility: _Hamot Medical Center_ |
| Date of Transfer: 06/09/05 | HMC Physician & Phone: DR. DEJOVA 877-6000 |
| Transferred to: ALBION SCF | |
| Accepting Physician & Phone: _____ | HMC Nurse & Phone: _____ |
| Accepting Nurse & Phone: _____ | HMC Case Manager & Phone: TIM MIKOTOWILE BSCAC 877-4172 |
| Principle Diagnosis: ARF, AcuteMI | PCP: _____ |
| Reason for Transfer: _____ | Insurance Jawad A. Salameh, M.D. |
| Mode of Transport: AMBULANCE | Emergency Contact Name & Phone: _____ |
| Report Given to _____ at ___ am/pm | 1330 |

| Condition of Patient at Time of Transport:  ☐ Good  ☒ Fair  ☐ Stable  ☐ Guarded  . ☐ Critical |
|---|

### COMPLETE PAGE 4 FOR INFANT TRANSFERS

Procedure(s): 5/18 decompression transverse Colon, 5/18 — 6/n dialysis 5/17 - ☐ None 6/8 intubated

PMH/PSH/Significant Tests: ETOh abuse, seizure disorder, asthma.

ALLERGIES: tylenol, tegretol, Dilantin   HEIGHT: 6ft   WEIGHT: 326

ISOLATION PRECAUTIONS: ∅ MDRO   RELIGION: _____   CODE STATUS: full

ORGAN DONOR:  Y/N   LIVING WILL:  Y/N   DURABLE POWER OF ATTY:  Y/N

### VITAL SIGNS

| TIME | T | P | R | BP | O₂ SATS | PAIN # |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

877-6694
mcu    Doris

| IV'S: PERIPHERAL  CENTRAL  SALI— | | | ENTERAL |
|---|---|---|---|
| LOCATION: Rt wrist  SIZE: | | I'll  Fax D/c | |
| DATE INSERTED: 6/6 | | | J-TUBE |
| IV FLUID: ∅  RATE: | | Summary | |
| DIALYSIS:  HEMO  PERI— | | HAMOT | |
| ACCESS:  SHUNT  FISUTLA  SUBCLAVIAN | | DYSPHAGIA: Y/N | KJE SWALLOW: Y/N |
| SITE: _____ | | | speach eval |

If applicable, please check:
Do you intend to care for patient after discharge?  ☐ Yes  ☐ No
If patient returns, will you be the attending physician?  ☐ Yes  ☐ No

_____ DeJova 6/9
PHYSICIAN'S SIGNATURE        DATE

_____ RN CCRN 6/9/05
NURSE'S SIGNATURE        DATE

DICKERSON   16646952
ERIC 36Y M 01/16/1969
DEJOYA GERMAN D
10745 RT 18
ALBION PA 16401        N55103
530289

**ꝏ Hamot**
Page 1 of 4

001608

WE APPRECIATE YOUR COMMENTS. IF YOU RECEIVE A SURVEY IN THE MAIL, PLEASE COMPLETE AND RETURN.

**ACTIVITY:**  May drive in _N/A_ weeks.    No lifting more than _10_ lbs.
May/may not use stairs, (circle one)
☐ Activity as doctor orders

**QUIT SMOKING:**
☒ I am a non-smoker     ☐ I have not smoked in over 6 months
☐ I am a smoker – Quitting now lowers my chances for a future heart attack, stroke and for other life shortening illness.
**(Call the PA Free Quit Line 1-800-784-8669 for help to quit.)**

**EAT A HEALTHY DIET:**  I was given information on my diet: ☒ Regular Diet   ☐ Low Cholesterol/Low Fat Diet
☐ Low Sodium Diet     ☐ Diabetes Diet
☐ Other: _____   ☐ Increase calories and protein   ☐ Renal Diet

**LEARN ABOUT YOUR HEALTH** - I have been given information about my health or condition:
☐ Discharge medications list   ☐ Medication monographs   ☐ Lovenox   Vaccine requested/given:
☐ Coumadin                           ☐ Flu (Oct. - Mar.)  ☐ Pneumonia  Date _____
Next INR (blood test) is _____. Results will be reported to Dr. _____.
**\*Call the doctor's office if not contacted about Coumadin dose by 4PM on day of your blood test.**
☐ Heart Owner's Manual   ☐ Thyroidectomy              ☐ Mastectomy
☐ Total Hip Book          ☐ Total Knee Book            ☐ Laparoscopic Gall Bladder (Lap Chole)
☐ Bowel Surgery           ☐ Gall Bladder Surgery (Chole) ☐ Lap Hemiorraphy
☐ Appendectomy            ☒ Hemiorraphy                ☐ Bariatric Folder
☐ Neurosurgery handout: _____   ☐ Other _____

**WOUND / DRAIN CARE:**   ☐ J/P Drain
_Clean wound 2x dly with normal saline._     _Keep_
_Clean bid as at 2 lb dr._ _free polysten strips_     _Dam dsg_
_Staples out_              _in place_ until
                                                _4:30 PM_

**Other Medical Conditions:**  **Please contact your PCP (family doctor) regarding these medical conditions.**  ☐ Stroke Book/ Warning Signs   ☐ Heart Failure/Calendar
☐ Diabetes Survival Skills   ☐ Call (814) 877-6130 for further outpatient diabetes education   ☐ Other

**FOLLOW-UP APPOINTMENTS: (see reverse side for address)**
HAMOT SHOCK TRAUMA / 104 EAST 2ND ST.
GENERAL SURGERY CLINIC        Date: _____   Time: _____   **(814) 877-7054**
Dr. _Accurso_   Date: _4 wks_   Time: _Call for appt_   Phone: _833-5466_
Dr. _____   Date: _____   Time: _____   Phone: _____

| **OUTPATIENT TESTS:** | | ✔ **LOCATION (see reverse side for address)** | | | | |
|---|---|---|---|---|---|---|
| Name of Test | Date/Time | HHI | Cardiac Fitness | HMC | Imaging Ctr | Other |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| **COMMUNITY SERVICES/HOME HEALTH CARE/REHAB SERVICES:** | |
|---|---|
| Agency: | Phone #: |
| Agency: | Phone #: |

I have had all my questions answered and I understand the directions above for my care at home:

Phone number where I can be reached after discharge: _____

X _____  _4/29/06_     X _Theresa Brunell_  _4.29.06_
Signature of Patient/Representative   Date           Signature of Physician / Nurse   Date

Interpreter's Signature (if used) _____

DICKERSON
ERIC
BEARD GREGORY K
530289
260345319 OT
37Y M  01/16/1969
OPS  S32691  MDRO
ADM 04/21/06
White to Medical Record   Canary Copy to ...   ...sician

**PATIENT DISCHARGE INSTRUCTION SHEET SURGICAL**
D-1-150C (1-13-06)

BAR CODE

**Hamot**
Erie, Pennsylv...

000461

Nov.22. 2006 10:47AM    PRE   T ISLE FAMILY MEDICINE           No.3493   P. 1/5

**HAMOT MEDICAL CENTER**          201 STATE STREET • ERIE, PENNSYLVANIA 16550

### DISCHARGE SUMMARY

**ADMITTED:**  04/21/2006          **DISCHARGED:** 04/29/2006

**NAME:**  Dickerson, Eric L

**MR NUMBER:**  53-02-89

**PATIENT NO:**  000260345319

**DATE OF BIRTH:**  01/16/1969

**ADMITTING DIAGNOSIS:** Extensive ventral incisional hernia.

**DISCHARGE DIAGNOSES:**
1.    Extensive ventral incisional hernia.
2.    Postoperative ileus.
3.    Electrolyte imbalance.
4.    Left pleural effusion.
5.    Postoperative blood loss anemia.
6.    Electrolyte imbalance.
7.    Hypertension.
8.    Seizure disorder by history.
9.    Hypercholesteremia.
10.   Reflux esophagitis.
11.   Reactive airway disease.

**OPERATIONS:** Extensive ventral incisional hernia repair per Dr. Beard
4/21/06.

**CONSULTATION:** Dr. Roman Bojewski for postoperative medical management.

**HOSPITAL COURSE AND STAY:** The patient is a 37-year-old black male known
to me from previous evaluation. He presents to Hamot Medical Center for
elective extensive ventral incisional hernia repair.

The patient was admitted on 4/21/06 from the Albion Prison.  He
underwent the aforementioned operative procedure which he tolerated
well.  Postoperatively the patient was transferred to the general floor.

**COMPLICATIONS:** Included a postoperative ileus and electrolyte imbalance
with iron deficiency anemia. All of these were tolerated well and
treated conservatively.  The patient responded nicely. By 4/29/06, was

| PATIENT NAME | | DICTATED BY | | M.R. NO. | ROOM | | DISCHARGE DATE |
|---|---|---|---|---|---|---|---|
| Dickerson, Eric L | | Gregory K. Beard, DO | | 53-02-89 | 3-SOS32601 | | 04/29/2006 |
| DOCUMENT NUMBER | DATE DICTATED | DATE TRANSCRIBED | TYPE OF REPORT | | | | |
| 1390373 | 04/29/2006 | 05/02/2006 | DISCHARGE SUMMARY | | | PAGE 1 OF 2 | |

HAMOT MEDICAL CENTER • 201 State Street • Erie, PA 16550 • 814/877-6000
COPY TO: Gregory K. Beard, DO

000458

Nov.22. 2006 10:48AM   PRE   E ISLE FAMILY MEDICINE        No.8493   P. 2/5

**HAMOT MEDICAL CENTER**        201 STATE STREET • ERIE, PENNSYLVANIA 16550

ambulatory, tolerating regular diet, moving his bowels and having little discomfort. He was discharged to the SCI Albion in stable condition.

The patient to follow up in my office for routine examination. They may remove his staples at SCI Albion. He is to resume his usual medications. In addition he was advised to take Percocet 5 1 or 2 p.o. q. 4 hours p.r.n. pain.

*Unreviewed*

Gregory K. Beard, DO

GKB/ch   DD: 04/29/2006     DT: 05/02/2006  9:38 P

cc:  Gregory K. Beard, DO
     Roman E. Bojewski, DO
     SCI Albion

02354

| PATIENT NAME | DICTATED BY | | M.R. NO. | ROOM | DISCHARGE DATE |
|---|---|---|---|---|---|
| Dickerson, Eric L | Gregory K. Beard, DO | | 53-02-89 | 3-SOS32601 | 04/29/2006 |
| DOCUMENT NUMBER | DATE DICTATED | DATE TRANSCRIBED | TYPE OF REPORT | | |
| 1390373 | 04/29/2006 | 05/02/2006 | DISCHARGE SUMMARY | | PAGE 2 OF 2 |

HAMOT MEDICAL CENTER • 201 State Street • Erie, PA 16550 • 814/877-6000
COPY TO: Gregory K. Beard, DO

000457

FORM #051-474 (REV. 8/99)

Nov.22. 2006 10:48AM   PI...ISLE FAMILY MEDICINE              No.8493   P. 3/5

**HAMOT MEDICAL CENTER**       201 STATE STREET • ERIE, PENNSYLVANIA 16550

### DISCHARGE SUMMARY

**ADMITTED:**  04/21/2006                **DISCHARGED:**  04/22/2006

**NAME:**  Dickerson, Eric L

**MR NUMBER:**  53-02-89

**PATIENT NO:**  000260345319

**DATE OF BIRTH:**  01/16/1969

Mr. Dickerson is a 37-year-old black male, an inmate at the Albion
Prison. He was scheduled yesterday for repair of ventral hernia by Dr.
Greg Beard.

**PAST MEDICAL HISTORY:** Cardiomyopathy, CAD, cardiac arrhythmia, asthma,
hypertension, hyperlipidemia, seizure disorder.

**PAST SURGICAL HISTORY:**  Remarkable for numerous laparoscopic surgeries
in the past.  He had surgery for abdominal compartment syndrome with
Bogota bag during his last admission.

**MEDICATIONS:**
1.  Coreg 25 mg daily.
2.  Clonazepam 2 mg b.i.d.
3.  Spironolactone 25 mg daily.
4.  Benadryl 50 mg q.i.d. p.r.n.
5.  Prilosec OTC 20 mg daily.
6.  Lovastatin 40 mg daily.
7.  Digoxin 0.125 mg daily.
8.  Enalapril 0.25 mg daily.
9.  Lasix 40 mg daily.
10. Magnesium oxide 400 mg 2 tabs daily.
11. Senokot S daily, Milk of Magnesia p.r.n.
12. Ferrous sulfate 325 mg t.i.d.
13. Albuterol inhaler 2 puffs q.i.d.
14. Phenobarbitol 90 mg b.i.d.
15. Aspirin 81 mg daily.

**ALLERGIES:**
1.  Dilantin.
2.  Tegretol.

| PATIENT NAME Dickerson, Eric L | DICTATED BY Bryant E. Bojewski, DO | | M.R. NO. 53-02-89 | ROOM 3-SOS32601 | DISCHARGE DATE 04/22/2006 |
| DOCUMENT NUMBER 1388612 | DATE DICTATED 04/22/2006 | DATE TRANSCRIBED 04/27/2006 | TYPE OF REPORT DISCHARGE SUMMARY | | PAGE 1 OF 3 |

HAMOT MEDICAL CENTER • 201 State Street • Erie, PA 16550 • 814/877-6000

COPY TO: Gregory K. Beard, DO

000458
FORM #O-37-31L (REV. 8/96)

Nov.22. 2006 10:48AM   CRL   LISLE FAMILY MEDICINE                No.8493   P. 4/5

## HAMOT MEDICAL CENTER          201 STATE STREET • ERIE, PENNSYLVANIA 16550

**SOCIAL HISTORY:** Negative for tobacco, negative for alcohol.

**LABORATORY:** Prior to surgery reveals electrolytes as follows: sodium 139, potassium 4.4, chloride 102, CO2 23, BUN 13, creatinine 1.0.

White count was 6.1, hemoglobin 14.9, hematocrit 44.4.

Coags were normal.

EKG revealed normal sinus rhythm, no ischemic changes.

Echocardiogram revealed an ejection fraction of about 25%.

**PHYSICAL EXAMINATION:** Examination at bedside reveals an alert black male presently in no acute distress. He is complaining of some abdominal discomfort status post surgery. Temperature 98.8. Pulse 62. Respirations 18. Blood pressure 130/78. ENT exam reveals no jugular venous distention, no carotid bruits. Neck supple. Tongue is midline. Lungs were clear. Heart was normal sinus rhythm. I did not appreciate a murmur. Abdomen was obese with tenderness postoperatively. Good bowel sounds noted. There was no edema in the extremities. He does have sequential compression stockings on his lower extremities.

**IMPRESSION:**
1. Cardiomyopathy.
2. History of MI.
3. Hyperlipidemia.
4. Hypertension stable.
5. Status post ventral hernia repair.

**RECOMMENDATIONS:** I agree with DVT prophylaxis. I would add subcutaneous Heparin 5000 units every 12 hours. Continue with preoperative medications. Observe pulmonary toilet including a set of spirometry and hand held nebulizers. I would discontinue Foley catheter at this time and switch him to p.o. antibiotics. We will check lab work on him today since he has not had any postoperatively. I would also Heparin lock IV fluids and monitor his I/Os closely since he does have cardiomyopathy with a very poor ejection fraction.

| PATIENT NAME Dickerson, Eric L | | DICTATED BY Bryant E. Bojewski, DO | M.R. NO. 53-02-89 | ROOM 3-SOS32601 | DISCHARGE DATE 04/22/2006 |
|---|---|---|---|---|---|
| DOCUMENT NUMBER 1388612 | DATE DICTATED 04/22/2006 | DATE TRANSCRIBED 04/27/2006 | TYPE OF REPORT DISCHARGE SUMMARY | | PAGE 2 OF 3 |

HAMOT MEDICAL CENTER • 201 State Street • Erie, PA 16550 • 814/877-6000

COPY TO: Gregory K. Beard, DO

000459

FORM #O-31-31L (REV. 6/98)

Nov.22. 2006 :0:48AM   PRE.  ISLE FAMILY MEDICINE            No.8493   P. 5/5

**HAMOT MEDICAL CENTER**          201 STATE STREET • ERIE, PENNSYLVANIA 16550

Thank you for letting me participate with this patient.

*Unreviewed*

Bryant E. Bojewski, DO

BEB/ch   DD: 04/22/2006      DT: 04/27/2006  2:28 P

cc:  Gregory K. Beard, DO
     Bryant E. Bojewski, DO

| PATIENT NAME | DICTATED BY | M.R. NO. | ROOM | DISCHARGE DATE |
|---|---|---|---|---|
| Dickerson, Eric L | Bryant E. Bojewski, DO | 53-02-89 | 3-SOS32601 | 04/22/2006 |

| DOCUMENT NUMBER | DATE DICTATED | DATE TRANSCRIBED | TYPE OF REPORT | |
|---|---|---|---|---|
| 1388612 | 04/22/2006 | 04/27/2006 | DISCHARGE SUMMARY | PAGE 3 OF 3 |

HAMOT MEDICAL CENTER • 201 State Street • Erie, PA 16550 • 814/877-6000

COPY TO: Gregory K. Beard, DO            000460

FORM 40-01-34. (Rev. 9/98)



## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC DICKERSON, | ) | |
| | ) | **Civil Action No. 06-289E** |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| MEDICAL DIRECTOR DR. | ) | **Mag. Judge Susan Paradise Baxter** |
| MARK BAKER; PHYSICIAN'S | ) | |
| ASSISTANT DAN TELEGRA; | ) | |
| PHYSICIAN'S ASSISTANT | ) | |
| TAMMIE MOWRY; MEDICAL | ) | |
| ADMINISTRATOR MAXINE | ) | |
| OVERTON; PRISON HEALTH | ) | |
| SERVICES; BRENDA HALE, | ) | |
| | ) | |
| Defendants. | ) | |

### SETTLEMENT AGREEMENT AND
### FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims ("Settlement Agreement" or "Release"), is entered into this _____ day of _____, 2009, by and between ERIC DICKERSON, plaintiff herein, and the PENNSYLVANIA DEPARTMENT OF CORRECTIONS ("DOC" or "the Department) and PRISON HEALTH SERVICES ("PHS"), collectively hereinafter, the "Settling Defendants."

I, ERIC DICKERSON, the plaintiff in this case, for and in consideration of the sum of THIRTY THOUSAND DOLLARS AND ZERO CENTS ($30,000.00), representing both the liquidation in full of all my civil rights claims against Settling Defendant, including all claims for monetarily compensable damages for emotional injury, physical injury, medical injury and attendant pain and suffering, and the liquidation in full of all claims for costs of the attendant litigation, including reasonable attorneys' fees:

1

(a).    A one-time payment of TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) shall be paid jointly to plaintiff Eric Dickerson and his attorney, Mary Walsh, Esq. of the Institutional Law Project, by the Commonwealth of Pennsylvania by check.

(b).    A one-time payment of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) shall be paid jointly to plaintiff Eric Dickerson and his attorney, Mary Walsh, Esq. of the Institutional Law Project, by the Prison Health Services by check.

2.    In addition to the monetary consideration set forth herein, the Settling Defendants agree to the following items:

(a).    Plaintiff will be transferred to the State Correctional Institution at Graterford (SCI-Graterford) as soon as practicable after signing the instant Settlement Agreement and Release.  While this is not a temporary transfer, it should be noted that nothing in the instant settlement agreement should be construed to prevent the DOC from relocating Plaintiff in the future should that become necessary for legitimate penological purposes;

(b).    Once at SCI-Graterford, Plaintiff will be seen by a cardiologist, a surgeon, and an anesthesiologist.  These specialists will be seen in lieu of Plaintiff's previously scheduled appointments out of the State Correctional Institution at Albion.  These specialists will have access to Plaintiff's CT-Scan images taken of Plaintiff on April 29, 2009;

3.    Further, a review of Plaintiff's sick-call slips was undertaken by DOC counsel as per the oral settlement agreement reached on June 9, 2009.  As discussed, this

3

review was conducted to ensure that Plaintiff was not charged co-pays for chronic care visits, in compliance with DC-ADM 820. It was determined that, from the beginning of this case to date, Plaintiff has only been charged for one (1) medical co-pay (charged on April 22, 2009). The amount of that co-pay ($5.00) has been refunded to Plaintiff. (See Attachment A).

     4.    It is agreed and understood that plaintiff ERIC DICKERSON is solely responsible for the tax liabilities and consequences, if any, related to his receipt of settlement monies under this Release, and Settling Defendants shall bear no responsibility for such liability or consequences, if any.

     5.    In exchange for the above-described consideration, plaintiff ERIC DICKERSON agrees to dismiss with prejudice the action filed in the United States District Court for the Western District of Pennsylvania, at Civil Action No. 06-289E, as well as any other civil actions, administrative litigation, grievances or claims that may be pending and which relate to Plaintiff's confinement in the DOC and/or treatment by PHS up to the date of this Release. Paragraph 5 is not to be construed to limit ERIC DICKERSON'S right to maintain pending PCRA petitions.

     6.    This Settlement Agreement and Release is in compromise of a disputed claim or claims embodied in the aforesaid complaint filed by Plaintiff, and is not an admission of liability or wrong-doing on the part of the Settling Defendants.

     7.    Plaintiff ERIC DICKERSON and the Settling Defendants agree not to publicize or disclose the terms of this Settlement Agreement and Release, except as required by law and/or necessary to facilitate and/or defend the settlement terms.

     8.    It is further agreed and understood that if any term, condition or provision

4

of this Release shall be determined by a court of competent jurisdiction to be void or invalid, then only such term, condition or provision determined to be void or invalid shall be stricken from the Release, and the remainder of the Release shall continue in full force and effect in all other respects. This Release shall be interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

9.      This Settlement Agreement and Release may be executed simultaneously in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same Settlement Agreement and Release. Facsimile signatures shall also be deemed to be the same as an original signature.

10.      Mary Walsh, Esq., the Community Justice Project, and/or Institutional Law Project as counsel for plaintiff Eric Dickerson in this action, acknowledges and agrees by her signature below that any claim by her for reasonable attorneys' fees under all relevant statutory provisions is being satisfied through this settlement agreement and the sum paid hereunder.

11.      Eric Dickerson, his assignors, assigns, employees, attorneys, agents, servants, officers, directors, parents, subsidiaries, predecessors, and successors in interest, expressly waive any claim for attorneys' fees, costs and interest that they have under any federal or Pennsylvania statute, or under the statute of any state or the common law of any state or under federal common law, including without limitation, under 42 U.S.C. §1983, 42 U.S.C. §1988, 42 U.S.C. §1997e and any other federal, state statute or common law principle which permits him to recover for attorneys' fees, costs and interest against Prison Health Services, Inc., its agents, representatives, attorneys, employees, servants, and insurance companies from the beginning of time to the date of this

5

Settlement Agreement.  This waiver of any claim for attorneys' fees, costs and interest by Eric Dickerson and his attorneys constitutes a material condition of this Release.  Prison Health Services, Inc. would not have entered into this Release and agreed to pay the amounts set forth herein without this waiver of attorneys' fees, interest and costs.

**IT IS ACKNOWLEDGED, UNDERSTOOD AND AGREED,** that this Settlement Agreement and Release of all claims, with due regard for the pertinent provisions of the Commonwealth Attorneys Act, is not, cannot and shall not be construed to be a consent decree.  Plaintiff retains the right to re-file this suit after its dismissal pursuant to the terms of this Release in the event that the Settling Defendants fail to fulfill the material terms of this settlement agreement, with the acknowledgment that any and all of his claims for damages and attorneys fees have been satisfied up to and including the date on which he signs the aforesaid settlement and release of all claims by the consideration provided therefore.

**IT IS ACKNOWLEDGED, UNDERSTOOD AND AGREED,** that this **SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS** contains the entire agreement between plaintiff Eric Dickerson and the Settling Defendants in these actions, and its terms are contractual and not a mere recital.

I, Eric Dickerson, further state that I have read carefully the foregoing document, know and understand its contents and sign the same as my free and voluntary act with the intent to be bound by its terms, and that I have conferred with counsel concerning its terms and the consequences of my signature.

6

IN WITNESS HEREOF AND INTENDING TO BE LEGALLY BOUND,

Eric Dickerson and Mary Walsh, Esq. (as to ¶ 10) have accordingly set their hands and

seals this _____ day of _____, 2009.

**CAVEAT - PLEASE READ BEFORE AFFIXING YOUR SIGNATURE.**

7/20/09
Date

Eric Dickerson
Plaintiff

7/22/09
Date

Mary Walsh, Esq.
Community Justice Project/Institutional Law
Project
Attorney for Plaintiff

7/22/09
Date

Mariah L. Passarelli, DAG
Office of Attorney General
Attorney for DOC

7-23-09
Date

Alan S. Gold, Esq.
Gold and Robbins, P.C.
Attorney for PHS

7