IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC DICKERSON                    :      CIVIL ACTION
                                  :
                v.                :
                                  :
SCI GRATERFORD, et al.            :      NO. 10-7177

MEMORANDUM

McLaughlin, J.                                    August 30, 2011

The plaintiff, Eric Dickerson, an inmate at State
Correctional Institute-Graterford acting pro se, brought suit
against various defendants under 42 U.S.C. § 1983, alleging
inadequate medical care and failure to respond to various
grievances, in violation of his First, Eighth, and Fourteenth
Amendment rights.  The plaintiff asserts that he is receiving
inadequate medical treatment for a hernia, chronic pain, and
hypertension.  The plaintiff has named as defendants SCI-
Graterford, the Bureau of Health Care Services ("BHS"), Joseph
Korszniak, Barbara March, Wendy Shaylor, Dorina Verner, Mercy
Suburban Hospital ("Mercy Hospital"), Prison Health Services
("PHS"), and Drs. Richard Stefanic, Bruce Blatt, John Zaro,
Felipe Arias, Christopher J. Bruce, Dominic Bontempo, and Michael
Schorr.[1]  All of the defendants have moved for dismissal of the

_____

[1]     Although all of these defendants are mentioned in the
plaintiff's complaint, none of the individual defendants is
listed on the docket and none has been served with the complaint.
All of the individual defendants are represented by counsel,
however, and have moved to dismiss the claims against them.  The
Court will therefore consider the claims against these defendants

plaintiff's claims against them.  The Court will grant all of the
motions to dismiss.


I.    The Plaintiff's Complaint[2]

        Pursuant to a settlement agreement arising out of a
lawsuit by the plaintiff in the Western District of Pennsylvania
alleging inadequate medical treatment at SCI-Albion prison, the
plaintiff was transferred to SCI-Graterford and was to see
several medical specialists.  Dickerson v. Brooks, Case No. 06-
289 (W.D. Pa. filed Dec. 13, 2006).  In July 2009, the plaintiff
filed a Motion to Compel the Terms of the Settlement Agreement
and a Motion for Reconsideration of the Settlement Agreement,
arguing that the defendants had failed to honor the terms of the
agreement and asking that court to reopen the case.  Magistrate
Judge Susan Paradise Baxter denied the plaintiff's motions and
the case was closed.

        On December 23, 2010, the plaintiff filed suit before
this Court alleging inadequate medical treatment at SCI-

---

and their motions to dismiss.

        [2]    In evaluating a motion to dismiss under Federal Rule of
Civil Procedure 12(b)(6), a court must accept all well-pleaded
facts as true, but should disregard any legal conclusions.  The
court must then determine whether the facts alleged are
sufficient to show that the plaintiff has a "plausible claim for
relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.
2009).  If the well-pleaded facts do not permit the court to
infer more than the mere possibility of misconduct, then the
complaint has alleged, but it has not shown, that the pleader is
entitled to relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(2009).

Graterford in violation of his constitutional rights and that the defendants from his Western District of Pennsylvania lawsuit were not complying with the terms of the settlement agreement.  The plaintiff alleges that on September 1, 2009, he was seen by Dr. Bruce, who informed the plaintiff that he had a hernia and would need corrective surgery.  At some point between October 1, 2009, and November 3, 2009, the plaintiff was seen by Dr. Stefanic at SCI-Graterford, who told the plaintiff that Dr. Bruce did not believe the plaintiff had a true hernia and that surgery was therefore not indicated.

Over the next several months, the plaintiff was seen multiple times for complaints of pain by Drs. Stefanic, Zora, Blatt, and Arias, all physicians at SCI-Graterford.  The plaintiff's medication was adjusted, but he continued to suffer from pain, and complains that the physician defendants refused to prescribe him a particular pain medication that he desires.  The plaintiff alleges that when he saw Dr. Blatt about his pain, he informed the plaintiff that he did not care how much pain the plaintiff was in and that he would have to "learn to live with it."  The plaintiff admits, however, that he was on various pain medications prescribed by the other doctors in the prison.

The plaintiff states that while incarcerated, he has received the following medications: Magnesium Oxide, Coreg, Vasotec, Prilosec GTC, Lovastatin Lipitor, Lasix, Aldactone,

Benadryl, Colace, Gabapentin, Phenobarbital, Vitema, Elavil, Milk of Magnesia, and Konsyl S/F Metamucil.  At some point, Dr. Zaro discontinued the defendant's Digoxon, which the plaintiff contends was recommended by an unnamed cardiologist for his heart condition.  The plaintiff also asserts that his seizure medication was discontinued.

On May 25, 2010, the plaintiff was again seen by Dr. Bruce, who informed the plaintiff that he did not have a true hernia and that surgery was not necessary.  On July 5, 2010, the plaintiff was examined by Dr. Blatt while a female officer was in the exam room.  Finally, the plaintiff contends that he has been waiting for a new abdominal binder, as his old one does not provide sufficient support.  The plaintiff asserts that he continues to suffer from pain and that he is still in need of surgery for a hernia.

The plaintiff also states that he submitted several grievances to defendants Marsh, Shaylor and Varner, which have either not been "processed" or been rejected as frivolous.[3]  The plaintiff alleges that these three defendants are therefore violating his First Amendment rights.  The plaintiff asserts that defendant Korszniak has not responded to his various grievances.[4]

---

[3]     Marsh is a Nursing Supervisor, Shaylor is the Grievance Coordinator, and Varner is the Grievance Review Officer.

[4]     Korszniak is a Corrections Health Care Administrator.

4

The plaintiff seeks compensatory and punitive damages, as well as an injunction ordering the defendants to restore the plaintiff back to his previous pain treatment.  The plaintiff has filed numerous motions since filing his complaint and all of the defendants have moved to dismiss the claims against them.  On March 16 and 23, 2011, the Court held on-the-record telephone conferences with the plaintiff and counsel for the various defendants to discuss the complaint and the various pending motions.[5]

II.  Motions to Dismiss

A.  Motion to Dismiss Mercy Hospital and Drs. Bruce, Bontempo and Schorr

Mercy Hospital and Drs. Bruce, Bontempo and Schorr move to dismiss the claims against them on the grounds that (1) there are no allegations made against Drs. Schorr and Bontempo, (2)

---

[5]    The plaintiff did file a motion for appointment of counsel and the Court held two telephone conferences with the parties in part to understand better the complaints by the plaintiff about his medical treatment.  The Court concluded that it would go forward and decide the pending motions without the added delay of trying to obtain counsel in this case.  The Court considered carefully whether the plaintiff could state a claim with the help of counsel and concluded that he could not.  To a large extent, this case is an attempt to re-litigate a settlement the plaintiff made in the Western District of Pennsylvania.  That court already denied the plaintiff's motion to reopen that case.

The plaintiff also filed a motion to amend the complaint to add a claim under the Americans with Disabilities Act.  The substance of the proposed amended complaint does not differ from the complaint.  The amended complaint does not cure the pleading deficiencies described herein.

there are no constitutional claims against Mercy Hospital or Dr. Bruce, and (3) to the degree that the plaintiff seeks to bring a medical malpractice claim against Dr. Bruce or Mercy Hospital, he has failed to file the necessary Certificate of Merit.

As the defendants point out and the plaintiff concedes, there are no allegations in the complaint that involve either Dr. Bontempo or Dr. Schorr.  During the telephone conference on March 23, 2011, the plaintiff agreed to dismiss these defendants.  Tr. 23, 2011 Tel. Conf. 13:18-20.  Accordingly, the Court will dismiss all claims against Drs. Bontempo and Schorr.

A prisoner alleging violations of his Eighth Amendment rights under § 1983[6] for inadequate medical care must allege (1) "deliberate indifference" (2) to the prisoner's serious medical condition.[7]  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."  <u>Whitley v. Albers</u>, 475

---

[6]     Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..."  42 U.S.C. § 1983.

[7]     A serious medical condition is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  <u>Monmouth Cty. Corectional Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (quotations omitted).

U.S. 312, 319 (1986).  To rise to the level of "deliberate
indifference," a prison official must have knowledge of and
disregard an excessive risk to the inmate's health or safety.
<u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  "[T]he official
must both be aware of facts from which the inference could be
drawn that a substantial risk of serious harm exists, and he must
also draw the inference."  <u>Id.</u>

In the medical care context, claims of medical
malpractice and disagreements as to the proper course of medical
treatment will not satisfy the deliberate indifference standard.
<u>Monmouth Cty. Corectional Inst. Inmates v. Lanzaro</u>, 834 F.2d 326,
346 (3d Cir. 1987).  Courts will not second-guess whether a
particular course of treatment is adequate or proper.  <u>Parham v.
Johnson</u>, 126 F.3d 454, 458 n.7 (3d Cir. 1997).

The plaintiff has not alleged deliberate indifference
in the course of his treatment by Dr. Bruce.  The plaintiff
asserts that Dr. Bruce initially recommended surgery for a
hernia.  Later, the plaintiff was informed that Dr. Bruce did not
believe the plaintiff had a true hernia.  These allegations, both
those in the complaint, and any additional allegations made
during the telephone conferences held on March 16 and March 23,
2011, are insufficient to meet the standard for deliberate

indifference and instead amount to a disagreement with Dr. Bruce over the course of the plaintiff's treatment.[8]

Although Mercy Hospital is listed as a defendant by the plaintiff, there are no factual allegations against the hospital. The plaintiff states only that he was sent to Mercy Hospital to be treated by Dr. Bruce.  To the extent that this could be read to allege vicarious liability against Mercy Hospital, the plaintiff has not pled any facts to establish that Dr. Bruce has an agency relationship with the hospital.

Accordingly, all of the claims against Mercy Hospital and Drs. Bruce, Bontempo and Schorr will be dismissed.


B.   Motion to Dismiss Prison Health Services and Drs. Stefanic, Blatt, Zaro and Arias[9]

PHS and Drs. Stefanic, Blatt, Zaro and Arias have moved to dismiss the claims against them because the plaintiff has failed to state a claim for deliberate indifference to a serious

---

[8]   To the degree that the plaintiff's allegations against Dr. Bruce can be read as alleging a medical malpractice claim, the Court notes that the plaintiff has failed to file a Certificate of Merit, which is required by Pennsylvania Rule of Civil Procedure 1042.3 prior to bringing a medical malpractice suit.  Furthermore, the plaintiff asserts in a motion filed on August 9, 2011 (Docket No. 64), that his claims against Dr. Bruce are not for medical malpractice, but for deliberate indifference.

[9]   PHS provides medical care at Graterford.  The onsite physicians at Graterford, including Drs. Stefanic, Blatt, Zaro and Arias, work for PHS.

medical need in violation of the Eighth Amendment.  The Court agrees.

The plaintiff has not alleged that Drs. Stefanic, Blatt, Zaro, or Arias were deliberately indifferent to a serious medical condition.  The plaintiff admits that he was provided with medical care when requested and has visited these doctors numerous times.  He admits that the doctors are monitoring his medical condition and adjusting his medications and treatment. The plaintiff does not allege any facts to support the conclusion that the physicians knew of and disregarded a substantial risk to the plaintiff's safety.  Even though the plaintiff claims that Dr. Arias stopped his "pain treatment," on April 15, 2010, he then goes on to state that Dr. Zora provided the plaintiff with pain medication only 5 days later.  The plaintiff's claims amount to a disagreement or dissatisfaction with the type of treatment he received.  Because the plaintiff has received continuous medical care, and because the physician defendants have used their professional judgement in the diagnosis and treatment of the plaintiff's conditions, their conduct has not risen to the level of a violation of the Eighth Amendment.

The Court also finds that, even if the physician defendants were alleged to have committed constitutional violations, PHS cannot be held vicariously liable for the actions

of its employees.[10]  In order to hold PHS liable for any alleged
violation, the plaintiff must provide evidence that PHS
maintained a policy, practice, or custom which directly caused
the plaintiff's constitutional harm.  See Miller v. City of
Philadelphia, 1996 WL 683827, *4 (E.D. Pa. Nov. 25, 1996).

        The plaintiff has not alleged that PHS maintained a
policy, practice, or custom that caused his injury.  The
plaintiff, therefore, fails to state a claim against PHS.  All
claims against PHS and Drs. Stefanic, Blatt, Zaro and Arias are
dismissed.


        C.    Motion to Dismiss the Commonwealth Defendants

        Graterford and BHS (together, the "Commonwealth
Defendants") move to dismiss the claims against them on the
ground that they are barred by the Eleventh Amendment.  Absent a
state's consent, the Eleventh Amendment bars civil rights suits
in federal court against states, state agencies and state
officials in their official capacities.[11]  Idaho v. Coeur d'Alene

---

        [10]    The Court agrees with those courts that have held that
a private corporation cannot be vicariously liable for the acts
of its staff under § 1983.  See, e.g., Victory Outreach Center v.
Melso, 371 F.Supp.2d 642, 646 (E.D.Pa. 2004); Miller v. City of
Philadelphia, 1996 WL 683827, *3 (E.D. Pa. Nov. 25, 1996).

        [11]    The Eleventh Amendment provides: "The Judicial power of
the United States shall not be construed to extend to any suit in
law or equity, commenced or prosecuted against one of the United
States by Citizens of another State, or by Citizens or

Tribe of Idaho, 521 U.S. 261, 267-70 (1997).  "The Eleventh
Amendment's bar extends to suits against departments or agencies
of the state having no existence apart from the state."  Laskaris
v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).  An executive
agency includes "the departments, boards, commissions,
authorities and other officers and agencies of the Commonwealth
government."  71 Pa. Stat. § 732-102.  A state agency or official
working in its official capacity is immune from suit in federal
court.  Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58
(1996).

        The Department of Corrections ("DOC") is an executive
agency of the Commonwealth and therefore shares in the immunity
from suits in federal court by private parties.  See Lavia v. Pa.
Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000).  Because the
Commonwealth Defendants are instrumentalities of the DOC, the
claims against them are also barred by the Eleventh Amendment and
will be dismissed.


        D.   Motion to Dismiss the Individual Commonwealth
             Defendants

        Defendants Korszniak, March, Shaylor and Varner
(together, the "Individual Commonwealth Defendants") move to

Subjects of any Foreign State."  U.S. Const. amend. XI.  A state
may consent to suit in federal court, but Pennsylvania has
declined to waive its Eleventh Amendment immunity.  42 Pa. Stat.
§ 8521(b).

dismiss the claims against them as barred by the Eleventh
Amendment.  All of the Individual Commonwealth Defendants are
employees of the DOC.  Because the DOC is an executive agency,
its employees working in their official capacities share Eleventh
Amendment immunity.  The Individual Commonwealth Defendants,
therefore, may not be sued in their official capacities for
damages under § 1983.[12]

    Nor are the Individual Commonwealth Defendants liable
in their individual capacities.  A state actor cannot be liable
in his individual capacity unless he has "personal involvement in
the alleged wrongdoing."  Evancho v. Fisher, 423 F.3d 347, 353
(3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d
Cir. 1988).  Government officials cannot be liable for the
unconstitutional conduct of their subordinates merely under a
theory of respondeat superior.  See Ashcroft v. Iqbal, 129 S.Ct.
1937, 1948 (2009).

    The plaintiff does not allege that any of the
Individual Commonwealth Defendants were personally involved in
any decisions surrounding his medical treatment.  The fact that

_____

    [12]    To the extent that the plaintiff, in his claims against
these state officials, seeks prospective injunctive relief, this
is not barred by the Eleventh Amendment.  See Will v. Michigan
Dep't of State Police, 491 U.S. 58, 71 & n. 10 (1989).  In an
official-capacity action, however, the plaintiff must show that
the state's "policy or custom" played a part in the alleged
violation.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985).
The plaintiff has identified no such state policy or custom.

Korszniak, March, Shaylor and Varner held supervisory positions and failed to respond to the plaintiff's grievances is insufficient for liability under § 1983. <u>Rode</u>, 845 F.2d at 1207-08. Furthermore, the plaintiff does not state a First Amendment claim based on the allegation that these defendants failed to respond to his grievances. The claims against the Individual Commonwealth Defendants will be dismissed.

III. <u>Conclusion</u>

For the foregoing reasons, the Court grants the defendants' motions to dismiss. The Court also notes that, to the extent the plaintiff is asking this Court to enforce the terms of the prior settlement agreement or reopen the case in the Western District of Pennsylvania, the Court is without jurisdiction to do so. Furthermore, the plaintiff's motions to that effect before that court were already decided against him.

An appropriate order shall issue separately.

13